UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMERICAN CIVIL LIBERTIES UNION
OF CONNECTICUT,
Plaintiff,

v.

TODD BLANCHE, in his official capacity as
United States Attorney General; and
ANGELA MUNSON, in her official capacity as
Chief Immigration Judge, Hartford Immigration Court,
Executive Office for Immigration Review,

Defendants.

CIVIL ACTION NO.: ____________

SEPTEMBER 9, 2026

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1. This action challenges the unlawful denial of contemporaneous access to judicial documents of the Hartford Immigration Court. Plaintiff American Civil Liberties Union of Connecticut ("ACLU-CT") brings this complaint to defend and exercise the long-recognized and well established First Amendment right of public access to court records and to remedy Defendants' arbitrary and unlawful refusal to provide access to docket information and court orders that are presumptively open to public inspection.

2. Immigration courts are administrative courts within the Executive Office for Immigration Review ("EOIR"), a component of the United States Department of Justice ("DOJ"). Their removal proceedings are generally open to the public, and the records pertaining to the proceedings—including docket numbers, case captions, hearing schedules, and orders—

are judicial documents to which the public holds a qualified right of access under the First Amendment.

3. In July 2026, ACLU-CT submitted a written request to the chief judge of the Hartford Immigration Court, expressly invoking its First Amendment right of access to judicial documents, seeking routine docket information and copies of *in absentia* removal orders. The court constructively denied the request by ignoring it, in violation of the First Amendment.

4. ACLU-CT seeks declaratory and injunctive relief compelling Defendants to produce the requested records and adhere to the First Amendment right of access to judicial documents.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution.

6. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because this is a civil action against agencies and officers of the United States, and a substantial part of the events giving rise to the claim occurred in this District—specifically, the Hartford Immigration Court is located here, and the records sought were generated by or filed in that court.

**PARTIES**

7. Plaintiff American Civil Liberties Union of Connecticut ("ACLU-CT") is a Connecticut statewide nonprofit organization dedicated to advancing civil rights and civil liberties with its principal office in Hartford. It is the Connecticut affiliate of the American Civil Liberties Union ("ACLU"), a nationwide organization with the same mandate.

8. ACLU-CT regularly monitors immigration court proceedings, advocates for the rights of immigrants, provides Know Your Rights programming, and engages in public education about immigration enforcement and adjudication in Connecticut.

9. Access to immigration court records, including docket information and court orders, is essential to ACLU-CT's organizational mission. Without access to these records, ACLU-CT cannot effectively monitor proceedings, identify how the immigration court is functioning and what it is deciding, or inform the public about the operations of the Hartford Immigration Court.

10. Defendant Todd Blanche is the United States Attorney General and is named in his official capacity. As Attorney General, Defendant Blanche is the head of the Department of Justice, exercises supervisory authority over EOIR and all immigration courts, and is responsible for the policies and practices governing public access to immigration court records. Defendant Blanche possesses the authority to enforce the Hartford Immigration Court's conformance with an order or injunction issued by this Court.

11. Defendant Angela Munson is the Chief Immigration Judge of the Hartford Immigration Court, a component of the EOIR, and is named in her official capacity. The Hartford Immigration Court is located at 450 Main Street, Suite 628, Hartford, CT 06103. Defendant Munson possesses the authority to enforce the Hartford Immigration Court's conformance with a declaration or injunction issued by this Court.

## FACTUAL BACKGROUND

***Immigration Courts, Removal Proceedings, and the Presumption of Openness***

12. Immigration courts are administrative tribunals within the EOIR that conduct removal proceedings of individuals and hearings on other immigration matters. Although

Congress statutorily vested removal decisions in the immigration courts rather than the judicial branch, removal proceedings are no different from civil litigations, pre-Immigration and Nationality Act litigation on a person's ability to enter the country, or modern removal litigation's common law analogues.

13. In removal proceedings, the immigration courts entertain petitions from the Department of Homeland Security ("DHS") seeking to expel people from the United States. *See* 8 C.F.R. § 1240.2(b).

14. DHS bears the burden of proof, having to demonstrate "by clear and convincing evidence that the respondent is deportable . . . ." *Id.* § 1240.8(a).

15. The proceedings are heard by a Department of Justice employee designated as an "immigration judge," *id.* § 1001.1(L), and respondents may "examine the evidence against [them] . . . , to present evidence on [their] . . . own behalf, and to cross-examine witnesses presented by" DHS. 8 U.S.C. § 1229a(a)(4)(B).

16. The immigration court has subpoena power and may authorize depositions for witnesses having essential testimony who are unable to attend court. 8 C.F.R. § 1003.35.

17. When adjudicating a removal petition, the immigration judge may consider the contents of any hearing, "including the testimony, exhibits, applications, proffers, and requests" as well as "all written orders, motions, appeals, briefs, and other papers filed in the proceedings . . . ." *Id.* § 1240.9. Hearings are "recorded verbatim except for statements made off the record with the permission of the immigration judge." *Id.*

18. Federal regulations instruct that immigration court hearings are presumptively "open to the public." *Id.* § 1003.27. The EOIR Practice Manual similarly provides for public access to immigration court proceedings. EOIR Practice Manual § 3.8 (2026).

19. So too does decisional law. A qualified First Amendment right of access attaches to judicial proceedings, *e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Press-Enterprise Co. v. Superior Court* ("*Press-Enterprise I*"), 464 U.S. 501 (1984), and to judicial documents related to proceedings, *e.g.*, *Hartford Courant v. Pellegrino*, 380 F.3d 83, 91–96 (2d Cir. 2004), that is, documents submitted to, or generated by, a court in the course of seeking or completing an adjudication. *See e.g.*, *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (Documents used by parties in summary judgment should not be under seal "absent the most compelling reasons.")

20. The First Amendment access right is a contemporaneous one, as public scrutiny of government adjudications is defeated by delays in revelation of a judgment or the materials submitted in pursuit of it. *E.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

21. As with federal regulations, the First Amendment's presumptive right of access applies to immigration proceedings. *See Detroit Free Press v. Ashcroft*, 303 F.3d 681, 683 (6th Cir. 2002) (observing that openness in immigration proceedings is important for the public generally).

***The First Amendment Right of Access to Judicial Records***

22. Under the "experience and logic" test established in *Press-Enterprise Co. v. Superior Court* ("*Press-Enterprise II*"), 478 U.S. 1 (1986), the First Amendment right of access attaches to judicial proceedings and records where (1) the proceeding or record type has historically been open to the press and general public (the "experience" prong), and (2) public access plays a significant positive role in the functioning of the process in question (the "logic" prong).

23. Immigration court docket information—including docket numbers, case captions, and hearing schedules—satisfies both prongs of the *Press-Enterprise II* test. Historically, immigration court dockets have been accessible to the public, practitioners, and the press. Access to docket information plays a significant positive role in promoting transparency and accountability in immigration adjudication.

24. Immigration court orders, including *in absentia* removal orders, likewise satisfy both prongs. Court orders are the paradigmatic judicial record; they have historically been open to public inspection and their disclosure serves the public interest in monitoring the fairness of adjudicative proceedings.

25. Once the First Amendment right of access attaches, it may be overcome only by a showing that closure is "essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise I*, 464 U.S. at 510.

***ACLU-CT's Immigrants' Rights Advocacy***

26. ACLU-CT has long advocated for protection and extension of immigrants' rights, to ensure a vibrant, equal Connecticut in which all residents are accorded dignity under law. ACLU-CT is a perennial force for state legislation protecting immigrants to Connecticut, such as the Trust Act and Conn. Pub. Act 26-14. ACLU-CT also educates the public and policymakers about immigration enforcement and litigation, which Immigration Judge Dana Marks described in 2018 as "death penalty cases in a traffic court setting."

27. In furtherance of its advocacy on the subject, ACLU-CT intends to make periodic requests to the immigration court similar to its July 2026 request.

***ACLU-CT's Records Request***

28. On or about July 24, 2026, ACLU-CT made a written request for judicial documents to the Honorable Angela Munson at the Hartford Immigration Court. The request is attached here as Exhibit 1.

29. The request sought two categories of records:

> (a) All docket numbers and case captions—including respondents' full names—in which the Hartford Immigration Court held any hearing during May, June, and July 2026; and
> (b) All in absentia removal orders issued by the Hartford Immigration Court during May, June, and July 2026, including docket number and caption with respondents' full names.

30. The request expressly stated that it was "not a Freedom of Information request" and was made pursuant to ACLU-CT's "First Amendment right of access to judicial documents."

31. The request asked for a response by August 10, 2026, and offered to accept electronic copies or to make copies at ACLU-CT's own expense.

32. The records sought are routine court records of the type that have historically been available to the public, to litigants, and to the press.

33. The ACLU sent its request by first class certified mail, and Defendant Munson received the request on July 30, 2026. The certified mail receipt and tracking information is attached here as Exhibit 2.

34. ACLU-CT reiterated its request on September 4th by sending a copy to the Hartford Immigration Court's email address (Hartford.Immigration.Court@usdoj.gov). Defendant Munson does not publish her email address, and the Court's website states that:

> The immigration court does not accept faxes or other electronic submissions unless the transmission has been specifically requested by the immigration court staff or the immigration judge. Unauthorized transmissions are not made part of

the record and are discarded without consideration of the document or notice to the sender.[1]

35. Defendant Munson has not responded to ACLU-CT's request, furnished the judicial documents it seeks, or identified any compelling governmental interest that would justify the denial of access.

36. The immigration court's refusal to adhere to or comply with the First Amendment, through policies and practices promulgated by Defendants Munson and Blanche, has caused and continues to cause concrete injury to ACLU-CT, and the public, by depriving it of access to judicial records necessary to fulfill its organizational mission of monitoring immigration proceedings, identifying potential due process violations, and informing the public.

**CAUSE OF ACTION**
*Violation of the First Amendment to the United States Constitution*
*(Right of Public Access to Judicial Records)*

37. Paragraphs 1 through 36 of the Complaint are incorporated into this Count as if fully set forth herein.

38. The First Amendment to the United States Constitution guarantees the public a qualified right of contemporaneous access to judicial proceedings and records. The right applies to immigration court proceedings and records, which are presumptively open to the public.

39. Defendants Munson and Blanche have denied ACLU-CT contemporaneous access to judicial documents, without demonstrating that doing so is essential to preserve higher values and narrowly tailored to serve a compelling governmental interest.

1

[1] Executive Office of Immigration Review, *Hartford Immigration Court*, https://www.justice.gov/eoir/hartford-immigration-court (last accessed Sept. 4, 2026).

40. Defendants Munson and Blanche's denial of contemporaneous access to immigration court docket information and *in absentia* removal orders violates the First Amendment to the United States Constitution.

41. ACLU-CT has and will continue to suffer irreparable harm as a result of this denial of its First Amendment rights.

## REQUEST FOR RELIEF

WHEREFORE, the ACLU of Connecticut respectfully requests that this Court:

A. Declare that Defendants Munson's and Blanche's denial of contemporaneous access to immigration court judicial documents violates the First Amendment to the United States Constitution;

B. Order Defendants to produce the judicial documents sought by ACLU-CT;

D. Enjoin Defendants from denying ACLU-CT's future requests for presumptively open immigration court records;

E. Award Plaintiff its reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

F. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION
OF CONNECTICUT

By: ______________________

Alexa T. Millinger (ct29800)
William S. Fish, Jr. (ct05349)
Hinckley, Allen & Snyder LLP
20 Church Street, 18th Floor
Hartford, CT 06103
Tel: (860) 331-2856
amillinger@hinckleyallen.com
wfish@hinckleyallen.com

Dan Barrett (ct29816)
Jaclyn Blickley (ct31822)
Joseph Gaylin (ct32089)
ACLU Foundation of Connecticut
P.O. Box 230178
Hartford, CT 06123
Tel: (860) 471-8471
legal@acluct.org

*Attorneys for the ACLU of Connecticut*